IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> TERRANCE ROSS WILLAMAN ) <br> ) <br> Defendant. ) | Crim. No. 04-28 Erie <br> Civil Action No. 08-283 Erie |

**Opinion and Order**

Before the Court is Terrance Ross Willaman's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 74), with Memorandum in Support. The government filed a Response to the Motion (Doc. 77), to which Mr. Willaman filed a Reply (Doc. 78) and Memorandum of Law (Doc. 79). Finally the government filed a Sur-Reply to Mr. Willaman's Reply (Doc. 80). For the reasons stated below we will deny the motion.

*Background*

A federal indictment was initially filed in this case on May 11, 2004, charging Mr. Willaman with unlawful possession of a machinegun, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). On September 15, 2005, the government filed a superseding indictment charging Mr. Willaman with with unlawful possession of a Sten MKIII machinegun in violation of 18 U.S.C. § 922(o)(1).

Mr. Willaman, appearing *pro se*, was tried before a jury on October 19, 2004. The Jury returned a verdict of guilty on the sole count of the Indictment on October 20, 2004. On January 26, 2005, Mr. Willaman was sentenced to 27 months' imprisonment to be followed by 3 years' supervised release.

Mr. Willaman filed a timely appeal of his sentence to the United States Court of Appeals for the Third Circuit on January 31, 2005. The Court of Appeals affirmed Mr. Willaman's judgment of conviction and sentence on February 17, 2006. United States v. Willaman, 437 F.3d 354 (3d Cir.

2006). Mr. Willaman's petition for writ of certiorari to the United States Supreme Court was denied June 19, 2006. Willaman v. United States, 547 U.S. 1208, 126 S.Ct. 2902 (2006).

### *Motion to Vacate*

Mr. Willaman raises the following claim in his *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate"), pursuant to 28 U.S.C. § 2255: "Petitioner was convicted of statutes Congress had no authority to enact as they are in violation of the Second Amendment, U.S. Constitution." (Memorandum in Support of Motion to Vacate, at 1.) In support of his claim he argues that the United States Supreme Court decision in District of Columbia v. Heller, -- U.S. -- 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) stands for the proposition that "there is an absolute right to own firearms," and thus his conviction for owning a firearm cannot stand. (Memorandum in Support of Motion to Vacate, at 2.)

In addition, he argues that statutes regulating firearms are unconstitutional legislative attempts to amend the Constitution in violation of Article V's enactment provision. (Memorandum in Support of Motion to Vacate, at 3-5.) Article V requires that the amendment process requires proposed amendments to be introduced either by a two-thirds vote in both the Senate and the House, or an application of the legislatures of two-thirds of the states. A proposed amendment to the Constitution then must be ratified by the legislatures of three-fourths of the states (or by conventions in three-fourths of the states) before the Constitution is actually amended.

### *Evidentiary Hearing*

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

2

We find no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255.

## I. Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916. Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

## II. Discussion

### A. Untimeliness of Mr. Willaman's Section 2255 Motion

The government argues that Mr. Willaman's section 2255 motion to vacate is untimely. Section 2255 imposes a one-year limitations period within which motions must be filed in order to be deemed timely. 28 U.S.C. § 2255(f). The one year time period for filing a section 2255 motion begins to run from the latest of (1) the date when the judgment of conviction becomes final; (2) the date on which a governmentally created impediment that prevented a movant from filing a motion is removed; (3) the date a newly recognized right is initially recognized by the Supreme Court and that such right has been made retroactively applicable to cases on collateral review; and (4) the date on which the facts supporting the claim could have been discovered. 28 U.S.C. §§ 2255(f)(1)-(4).

Mr. Willaman's motion is not timely under section 2255(f)(1), as his conviction became final on June 19, 2006, and his section 2255 motion was not filed until October 18, 2008, well over the one-year limitations period. Likewise, neither subsection f(2) nor (f(4) apply to Mr. Willaman's situation. Thus, the only applicable circumstances under which Mr. Willaman's section 2255 motion would be deemed timely is section 2255(f)(3). This section provides that the one-year limitation period shall run from

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . .

28 U.S.C. § 2255(f)(3).

Accordingly, Mr. Willaman argues that his motion is timely because it was filed within one year of the Supreme Court's decision <u>Heller</u>. He argues that the <u>Heller</u> opinion fits within section 2255(f)(3) because the date on which it was decided, June 26, 2008, was the date the Supreme Court initially recognized that the Second Amendment was an individual right. Therefore, according to Mr. Willaman, until <u>Heller</u> was decided he could not have raised the instant challenge to his conviction before the district court or on appeal. Mr. Willaman does not explicitly argue that <u>Heller</u> has been made retroactively applicable to cases on collateral review. However, he essentially argues that <u>Heller</u> set forth an intervening change of law that establishes that the conduct he engaged in, and for which he was convicted under section 922(o)(1), is no longer criminal conduct. Section 922(o)(1) of Title 18 of the United States Code provides, in part, that: " . . . [I]t shall be unlawful for any person to . . . possess a machine gun." Thus, Mr. Willaman asserts that post-<u>Heller</u>, it is now lawful to posses a machine gun. We disagree.

In <u>Heller</u>, the Supreme Court held that the District of Columbia's complete ban on usable handgun possession in the home violates the Second Amendment. 128 S.Ct. at 2814-18. In reaching its decision the Supreme Court held that "Second Amendment conferred an individual right to keep and bear arms." <u>Heller</u>, at 2799. The Court also recognized that this right was not unlimited:

4

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.

Heller, at 2816 (citations omitted). The Supreme Court explained further that certain statutory restrictions on keeping and bearing arms were constitutional:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
>
> We also recognize another important limitation on the right to keep and carry arms. Miller [United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939) ] said, as we have explained, that the sorts of weapons protected were those 'in common use at the time.' 307 U.S., at 179, 59 S.Ct. 816, 83 L.Ed. 1206. We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'

Heller, at 2817 (footnote omitted). Moreover, the Supreme Court explicitly noted that it was not setting forth an exhaustive list of constitutionally permissible regulations regarding firearms:

> We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive.

Heller, at 2817 n. 26.

The Supreme Court in Heller did not find that possession of machine guns is protected by the Second Amendment. United States v. Fincher, 538 F.3d 868, 873-74 (8th Cir.2008), cert. denied, 2009 WL 425146 (Feb. 23, 2009) ("Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."); see also United States v. Gilbert, 2008 WL 2740453, *2 (9th Cir. 2008). Significantly, "it appears that every court which has considered a Second Amendment challenge to 18 U.S.C. § 922, post-Heller, has upheld the statute as constitutional." United States v. Marzzarella, 2009 WL 90395 (W.D.Pa. Jan. 14, 2009) (citing cases). In accord with these decisions we find that Heller does not establish an unconditional right to possess a firearm. Therefore, because Heller does not establish an intervening change of law

5

retroactively applicable to cases on collateral review we will deny Mr. Willaman's section 2255 motion as untimely. Even if Mr. Willaman's motion were not untimely we would deny it for the reasons set forth above showing that under Heller there is no right to possess a machinegun.

We also find that Mr. Willaman's argument that statutes regulating firearms are unconstitutional legislative attempts to amend the Constitution in violation of Article V's enactment provision is untimely. Even if it were not untimely, to the extent that Mr. Willaman previously raised this argument on appeal he is not entitled to re-litigate it in his section 2255 petition. Withrow v. Williams, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring) ("Prior opportunity to litigate an issue should be an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result.") Although the Court of Appeals did not explicitly rule on Mr. Willaman's Article V argument it stated as follows:

> In our disposition of this case we have recognized that Willaman's arguments are somewhat broader than the way we restate them. Nevertheless, we have considered all his points and find that they either are subsumed in the points as we have restated them or are without merit.

Willaman, 437 F.3d at 361 n.8.

## B. Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability should be issued with respect to Mr. Willaman's motion to vacate. With respect to Mr. Willaman's Article V claim we find that jurists of reason would not find it debatable whether Mr. Willaman states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in our ruling that his claim was barred. The Court also concludes that Mr. Willaman has not made a substantial showing of the denial of a constitutional right as to his Second Amendment claim under Heller, and that reasonable jurists would not find our assessment of the constitutional claim debatable in light of the Supreme Court's recent denial of certiorari in United States v. Fincher, 538 F.3d 868 (8th Cir.2008), cert. denied, 2009 WL 425146 (Feb. 23, 2009). Accordingly, a certificate of appealability will not be issued.

6

## III. Conclusion

For the reasons set forth herein, the Court concludes that Mr. Willaman is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 will be denied. Accordingly, the following order is therefore entered.

AND NOW, to-wit, this ___4th___ day of March, 2009, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 74), be and hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's Order denying Petitioner's section 2255 Motion because, for the reasons set forth in the Opinion accompanying this Order, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record
Terrance Willaman, *pro se*